Darryl Jerome
**WILLIAMSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00523–CR.**

Court of Appeals of Texas,
Dallas.

May 5, 1989.

Rehearing Denied June 19, 1989.

Blake Withrow, Dallas, for appellant.

Teresa Tolle, Asst. Dist. Atty., Dallas, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

BAKER, Justice.

A jury convicted Darryl Jerome Williamson of burglary of a building and sentenced him to ten years' confinement and assessed

a fine of $250. Because we hold that appellant had ineffective assistance of counsel at trial, we reverse the trial court's judgment and remand the cause for a new trial.

Appellant asserts eight points of error, the first four of which contend that the trial court erred in commenting on the weight of the evidence through an improper written communication with the jury and that the trial court failed to comply with the terms and provisions of articles 36.27 and 36.28 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC. ANN. arts. 36.27, 36.28 (Vernon 1981).

The evidence showed that around midnight police officers saw appellant and another person carrying a microwave oven down a street. The officers stopped the two and, after some questioning, placed both under arrest for public intoxication. The microwave was removed to the police property room. The officers returned to the area to look for signs of a burglary and located a building which had been entered. The owner of the business verified that property, including a microwave oven, was removed from the building.

While deliberating during the guilt/innocence phase of the trial, the jury sent out a note to the trial judge. This note read, "Was the microwave positively identified as the one taken from the photo lab?" and was signed by the foreman of the jury. The trial court replied to this note as follows:

In reply to your above note you are instructed that the witness Charles Drobena testified that he compared the serial number from his records to the microwave taken by the police and that it was the one removed from his business.

The trial court signed the reply and it was filed in the case.

Appellant argues that the trial court's reply was an improper communication to the jury because the trial court failed to comply with the mandatory provisions of either article 36.27 or 36.28 of the Texas Code of Criminal Procedure. Article 36.27 provides, in pertinent part, that:

Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel [f]or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981). Article 36.28 of the Texas Code of Criminal Procedure provides that:

In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other; but if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial.

TEX.CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981).

There is nothing transcribed by the court reporter in the record about this jury communication and the court's response. Likewise, there is nothing in the record regarding an express waiver by appellant of the requirement that the trial court's answer to the jury's communication be read in open

court. There is also no indication that the defendant or his counsel were afforded the opportunity to object to the court's answer.

■■■■ Appellant's contention is that not only does the court's action violate the mandatory provisions of the statutes, but that the response made by the trial court constitutes a comment on the weight of the evidence. The giving of additional instructions to a jury by the trial court without compliance with the statutes requiring such communication to be in open court and in the presence of the defendant constitutes reversible error. *Smith v. State,* 513 S.W.2d 823, 829 (Tex.Crim.App.1974); *see Myles v. State,* 170 Tex.Crim. 479, 341 S.W.2d 913, 914 (1960). However, it is incumbent upon a defendant to bring the error to the judge's attention by objection or formal bill of exception or the acts of the trial court are presumed consistent with the statute. *Smith,* 513 S.W.2d at 829; *see Smith v. State,* 474 S.W.2d 486, 488 (Tex.Crim.App.1971). There is no showing here by either objection or bill of exception that appellant did not waive the reading of the court's instruction in open court and in his presence. No reversible error is shown. We overrule points one through four.

Despite the foregoing conclusions, we hasten to say that we do not in any way condone or approve of a trial court's failure to follow the statutes, and in our view, it is incumbent upon a trial court to follow what is on its face the simple, clear, and direct mandate of the statute to require the written instruction or answer to a jury's communication to be read in open court in the presence of a defendant or his counsel unless expressly waived by the defendant and to require the court reporter to transcribe such proceedings so that they become a part of the record.

■■■■ In points five and six appellant contends that the trial court erred: (1) in refusing to give his special requested charge making probable cause to arrest him and seize the microwave a jury issue; and (2) in overruling his timely objection to the failure of the court's charge to include such an instruction as a jury issue. Appellant and his companion were observed by two police officers walking down a street around the hour of midnight, carrying a microwave oven between them. The officers stopped the two and, after finding that both were intoxicated, placed them under arrest and took the microwave to the police property room.

One of the officers testified that the hour, location, and circumstances made her reasonably suspicious. Appellant moved to suppress the microwave as the product of an illegal seizure on the ground that there was no reason for his arrest. The motion was denied. Appellant argues that his objection to the admissibility of the microwave made it clear to the court that the arrest and seizure was a fact issue for the jury. Appellant relies on the provisions of article 38.23 of the Texas Code of Criminal Procedure which provide that evidence obtained in violation of any provision of the constitution or the laws of the state of Texas shall not be admitted into evidence, and, in any criminal case where the evidence raises this issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the article, then the jury shall disregard such evidence. TEX. CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1989).

A trial court is required to include a properly worded article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained. *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986). The record fails to demonstrate a factual dispute about the seizure of the microwave. No instruction was required and no error is shown. We overrule points five and six.

■■■■ In his seventh point of error, appellant contends that he received ineffective assistance of counsel at trial. In Texas, a defendant in a criminal case is entitled to reasonably effective assistance of counsel, regardless of whether counsel is appointed or retained. *See Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim.App.1983). Under the federal standard, a successful claim of ineffective assistance requiring re-

versal of a conviction has two components. First, a defendant must establish that his counsel's performance was deficient; second, he must show that this deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The required showing of prejudice involves establishing a reasonable probability that, but for counsel's errors, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *See Moore v. State*, 700 S.W.2d 193, 205 (Tex. Crim.App.1985), *cert. denied*, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986). Texas constitutional and statutory provisions do not create a standard that is more protective of a defendant's rights than the federal standard. *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986).

■ In applying this standard, the adequacy of counsel's performance is judged by examining the totality of the representation rather than isolated acts or omissions of trial counsel. The test is applied as of the time of trial without the benefits of hindsight. *See Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986). The appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985).

■ Appellant has delineated a number of instances of alleged ineffective assistance. He argues that trial counsel failed to object to a police officer's testimony about oral statements allegedly made by appellant during a custodial field interrogation. Appellant contends that he was not free to leave while being questioned, a contention bolstered by his subsequent arrest for public intoxication. Furthermore, we note that the police officer testified that when he first approached appellant, he smelled alcohol on his breath and determined that he was intoxicated. These facts, including the subsequent arrest, indicate that appellant was subjected to a custodial interrogation. *See Alberti v. Estelle*, 524 F.2d 1265, 1266–67 (5th Cir.1975), *cert.*

*denied*, 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976).

The record does not show that *Miranda* warnings were given to appellant at this time. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Also, it is clear that the police failed to comply with the requirements of section 3 of article 38.22 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 38.22, § 3 (Vernon Supp. 1989). Although the State does not take issue with appellant's contention that the interrogation was custodial, the State argues that appellant's statements were admissible as res gestae of the offense and arrest. *See* TEX.CODE CRIM.PROC. ANN. art. 38.22, § 5 (Vernon 1979). The State relies upon *Hill v. State*, 518 S.W.2d 810 (Tex.Crim.App.1975), and *Smith v. State*, 737 S.W.2d 933 (Tex.App.—Dallas 1987, pet. ref'd).

■ A res gestae statement is one made in response to a startling event, spontaneously or impulsively, without time for reflection or contrivance, and such a statement can be made in response to an inquiry. *Smith*, 737 S.W.2d at 940. To be admissible, there must have been an exciting, emotionally stimulating, or physically painful event, the statement must have been made so soon after the occurrence that the declarant is still in the emotional grip of the shocking event, and the statement must relate to the event. *Beam v. State*, 500 S.W.2d 802, 804 (Tex.Crim.App. 1973). Without purporting to decide the issue, we observe that the cases relied on by the State are arguably distinguishable and inapplicable. Closeness in time to an arrest is not alone sufficient to render a statement res gestae of the arrest. *Smith v. State*, 507 S.W.2d 779, 781 (Tex.Crim. App.1974). The record in the present case does not indicate that appellant was excited, emotionally stimulated, or that anyone experienced physical pain. The field interrogation does not appear to have been a shocking or startling event. *See Wortham v. State*, 704 S.W.2d 586, 588–89 (Tex.App. —Austin 1986, no pet.). The record also

does not support a conclusion that appellant spoke spontaneously or impulsively.

Even assuming that the trial court might have rendered an adverse ruling after objection by appellant's trial counsel, we agree with appellant that counsel's failure to object constituted deficient representation in this instance. A timely and specific objection could have resulted in exclusion of the officer's testimony; if not, the issue would have been preserved for appellate review. *See* TEX.R.APP.P. 52(a). We also conclude that admission of the testimony was harmful to appellant. The officer stated that appellant changed his story about ownership of the microwave oven. Such inconsistent statements may be considered by the jury in determining guilt. *See Walker v. State*, 513 S.W.2d 39, 41 (Tex.Crim.App.1974).

Appellant also contends that trial counsel was ineffective by failing to object to harmful statements allegedly made by appellant during a second custodial interrogation. About two hours after the initial interrogation, the same police officer took appellant to the scene of the burglary that appellant was charged with committing. Although appellant was given *Miranda* warnings at this time, appellant argues that the officer's testimony was inadmissible under article 38.22 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3 (Vernon Supp.1989). The State does not dispute the contention that this testimony was inadmissible, and we conclude that it could have been excluded under article 38.22 upon proper objection. We agree that its admission harmed appellant because the officer again testified that appellant's statements were inconsistent with his prior statements. Also, the prosecutor commented on the alleged inconsistent statements during jury argument.

Appellant further maintains that trial counsel was deficient by failing to object to the police officer's alleged comment on appellant's silence. Appellant relies on *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), and *Delgado v. State*, 544 S.W.2d 929 (Tex.Crim.App.1977).

At trial, the officer testified that appellant repeatedly stated that the officer did not see the microwave in appellant's hands and that appellant "was reluctant to discuss anything else." We think the cases cited by appellant are clearly distinguishable. We view the officer's statement as an isolated one, made in passing, that does not clearly comment on appellant's silence. *See Gonzales v. State*, 732 S.W.2d 67, 68 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Even if it was such a comment, trial counsel could reasonably have determined that an objection would do more harm than good by focusing the jury's attention on the statement. In our view, appellant has not overcome the presumption that the challenged act might be considered sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. We do not find that trial counsel was ineffective in this instance.

Appellant also contends that trial counsel failed to give notice of appeal from a recent probation revocation proceeding, which would have prevented presentation to the jury of matters harmful to appellant. During the punishment phase, the State introduced evidence of the revocation of appellant's robbery probation and resulting ten year sentence. Appellant argues that if his trial counsel had given notice of appeal from the probation revocation, the revocation and sentence would have been inadmissible. *See Hunter v. State*, 640 S.W.2d 656, 658–59 (Tex.App.—El Paso, 1982, pet. ref'd). We do not agree that this constitutes ineffective assistance of counsel. The record shows that appellant was represented by another attorney in the probation revocation proceeding. In view of this fact, we are unwilling to conclude that trial counsel in this case should have filed a notice of appeal in another case in which appellant was represented by a different attorney.

Appellant further argues that he received ineffective assistance because of trial counsel's failure to object to the prosecutor's improper jury argument that

bolstered the testimony of police witnesses. The prosecutor stated:

> [T]he officers told you that they saw him touching it when they drove up and they've had not [sic] reason to come down here and lie to you. They have nothing to lose by telling you the truth or by telling you a lie, they have nothing to gain. They just came in here to tell you the truth.... They are being paid by your tax money and they are doing a good job.

Argument that injects the prosecutor's opinion of a witness' credibility is improper, and efforts to bolster a witness' credibility by unsworn testimony can constitute reversible error. *See Menefee v. State*, 614 S.W.2d 167, 168 (Tex.Crim.App.1981). The Court of Criminal Appeals has reversed because of argument similar to the argument in this case. *See Woodard v. State*, 368 S.W.2d 623, 624–25 (Tex.Crim.App. 1963). We agree that trial counsel was deficient in this instance by failing to object. Had he done so, he would arguably have been entitled to at least an instruction to disregard. We also find that appellant was harmed by the failure to object, since the prosecutor's statement was made in the context of disparaging appellant's credibility. Specifically, the prosecutor's statements followed references to the appellant's allegedly inconsistent statements made to a police officer (which statements likely should also have been excluded upon objection, as noted previously).

■ Appellant further contends that trial counsel was deficient because he elicited from a police officer an otherwise inadmissible and harmful statement of appellant's alleged accomplice. Counsel asked the officer what the accomplice had said about knowing appellant. The officer responded that the accomplice stated that he merely happened upon appellant carrying the microwave, and he helped appellant carry it after appellant requested assistance. We decline to characterize this instance as ineffective assistance when viewed as of the time of trial. After the officer's answer, counsel used that answer to pose a hypothetical question, to which the officer responded that merely assisting someone in carrying property does not constitute burglary. We also note that it is often impossible to cut off an undesired answer before such answer is stated.

■ In addition to the examples of alleged ineffective assistance urged by appellant, we must consider the fact that trial counsel failed to preserve the error discussed previously concerning the trial court's response to a note from the jury. The trial court did not follow the mandates of articles 36.27 and 36.28 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM.PROC.ANN. arts. 36.27, 36.-28 (Vernon 1981). This constituted reversible error, but was waived absent an objection or bill of exception. *See Smith*, 513 S.W.2d at 829. We view this as an instance of deficient performance by trial counsel.

We also conclude that appellant was harmed. As appellant properly observes, the trial court's reply to the jury's question was unequivocal, whereas the only testimony on the subject was not as clear and direct as the trial court's response suggested. The pertinent testimony by the complainant was as follows:

A. [The police officers] told me that our front door, our temporary entrance glass had been kicked out, and that the, there was some of our property that was sitting on the front porch, some floor buffers and some other equipment and that they had apprehended two suspects walking down the street with a microwave, and she was trying to ask me if we had any such equipment, and I identified the microwave as being ours.

Q. Okay. How was it, how did you confirm that it was your microwave that these two guys had going down the street?

A. Well, I told her that it was a Toshiba microwave with a glass tray and the size of it, and that it was in our break room.

Q. Okay. Were the serial numbers compared?

A. The following day I told her I didn't have those, but the following day I confirmed the serial numbers on them.

The jury sent out a note during guilt/innocence deliberations asking if the microwave was positively identified as the one taken. The trial court responded, "[Y]ou are instructed that the witness Charles Drobena testified that he compared the serial number from his records to the microwave taken by the police and that it was the one removed from his business." The testimony concerned floor buffers, other equipment, and the microwave oven. The testimony about serial numbers was not specifically connected to the microwave oven. It was the State's burden (and not the trial court's) to make that connection if there was one. *See Wright v. State*, 603 S.W.2d 838, 840 (Tex.Crim.App.1980) (op. on reh'g). It was the jury's province (and not the trial court's) to choose to make the connection or inference. *See* TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979); *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim. App.1981). Moreover, the jury's question concerning the issue is further evidence of the equivocal nature of the testimony. Surely, this is the type of situation that articles 36.27 and 36.28 are designed to prevent. "[J]udges should studiously avoid any remark calculated to convey to the jury their opinion of the case." *Brown v. State*, 475 S.W.2d 938, 947 (Tex.Crim.App.1971), *overruled on other grounds, Bradford v. State*, 608 S.W.2d 918 (Tex.Crim.App.1980); *see* TEX.CODE CRIM.PROC.ANN. art. 38.-05 (Vernon 1979). We conclude that appellant was harmed by trial counsel's failure to make a bill of exception or object to the trial court's instruction.

Because we must measure the adequacy of trial counsel's performance by examining the totality of the representation, we have inspected the entire record. We observe that counsel cross-examined all State witnesses at length. He objected to hearsay testimony, to nonresponsive answers, and to certain questions. He examined a police officer witness outside the jury's presence to determine admissibility of a jacket allegedly worn by appellant. He then objected to admission of the jacket. He moved to suppress other evidence, and a hearing was held on the motion (apparently involving the legality of the initial stop and arrest). Counsel also moved for an instructed verdict at the close of the State's case. He requested that an issue on probable cause be submitted to the jury. He argued before the jury that the State's case was entirely circumstantial and suggested possibilities inconsistent with guilt. During the punishment stage, he examined a police officer outside the jury's presence. He then objected to admission of a State exhibit. He argued for a minimal sentence.

We conclude that counsel's performance, viewed in its entirety, was deficient. We cannot overlook the number and the seriousness of the deficiencies. Therefore, appellant has met his burden of establishing the first component of a successful claim of ineffective assistance. We next determine whether the deficient performance prejudiced appellant's defense, that is, whether there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A reasonable probability is shown if confidence in the outcome is undermined. *See Moore*, 700 S.W.2d at 205.

In determining whether our confidence in the result is undermined, we must examine the evidence and the record as a whole. *See Strickland*, 466 U.S. at 695, 104 S.Ct. at 2068. We note that trial counsel was correct in characterizing this case as a circumstantial evidence case. The record shows that entry to the burglarized building was apparently accomplished through a broken window in a door. The jacket allegedly worn by appellant was ripped in back. No glass fragments were found in the jacket and there were no fibers on the broken glass. Appellant had a cut on his wrist. Blood was found on an inner door and on some broken glass. There was no evidence matching this blood to appellant's blood. A shoeprint found on a door was compared by an expert to the shoe worn by appellant. The expert testified that it was highly probable that the print was made by appellant's shoe, but he declined to make a positive identification. Appellant's arguably inadmissible inconsistent statements were allowed in, and the prosecutor argued their

significance to the jury. There was equivocal evidence that the microwave found in appellant's possession was the one removed from the building, based on serial numbers. The jury asked about this testimony, and the trial court upgraded the evidence to unequivocal status. The prosecutor was allowed during jury argument to bolster the testimony of the police officers. During the guilt/innocence stage, the jury deliberated for a considerable length of time. In addition to asking about the microwave, the jury asked to see the jacket, the gloves that were allegedly in appellant's possession (there was testimony that it was a cold night), the shoes, and the shoeprint.

In view of all of the above, we determine that there is a reasonable probability that the outcome of the trial would have been different except for trial counsel's errors. The admission of appellant's allegedly inconsistent statements was obviously damaging. The prosecutor argued his opinion that the police officers told the truth, and they were the source of testimony about appellant's statements. Appellant's counsel had suggested during trial and in argument to the jury that there were possible scenarios inconsistent with appellant's guilt. The evidence was entirely circumstantial. The jury was unable to reach a quick verdict. Simply stated, our confidence in the outcome is undermined because of trial counsel's errors. *See generally Strickland,* 466 U.S. at 695–96, 104 S.Ct. at 2068–69. We sustain appellant's seventh point of error.

Because of our disposition of this case, we do not reach appellant's eighth point of error. We reverse the trial court's judgment and remand this case for a new trial.