IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-561-CR




JIMMY DEAN FOX,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0920871, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (West 1989). The district court assessed punishment at imprisonment for thirty years.

 At the time of the offense, appellant was sharing an apartment with his girlfriend,
her nine-year-old daughter (the complainant), and her six-year-old son. Appellant does not contest
the sufficiency of the evidence, which shows that he rubbed the genitals of the complainant with
his penis.

 Appellant brings forward two points of error asserting that he received ineffective
assistance of counsel at trial. Appellant lists five alleged mistakes by counsel. He complains that
she: (1) made disparaging remarks about appellant in her opening statement; (2) elicited
testimony concerning an extraneous offense of aggravated sexual assault; (3) opened the door for
testimony concerning the details of a Department of Human Services suit to terminate appellant's
parental rights to his own daughter; (4) permitted cross-examination of appellant about an
extraneous offense of resisting arrest; and (5) permitted appellant to be impeached with the details
of a pending motion to revoke his probation. In reviewing these alleged mistakes, we remember
that counsel's representation must be judged in its totality and without the distorting effects of
hindsight. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986); Ex parte Burns,
601 S.W.2d 370, 371 (Tex. Crim. App. 1980). We will sustain the points of error only if
appellant demonstrates that counsel was guilty of acts or omissions that were outside the wide
range of professionally competent assistance, and that there is a reasonable probability that but
for counsel's errors the result of the trial would have been different. Strickland v. Washington,
466 U.S. 668, 690-92 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). 

 Disparaging remarks. In her opening statement, counsel said, "I'm not sure
you're going to like Jimmy. He's been in trouble with the law before. For nothing like this, but
he's been in trouble before and, you know, you may find he's difficult, you may find he's
irritating and you may not like him much." Counsel continued her opening statement by saying,
"You may like the child. She's cute. She's precocious. She seems quiet [sic] mature for her age. 
But that -- you've got to remember that that's not the basis of the case. It's not a popularity
contest, who you like or who you would rather spend the afternoon with. I think you'll find that
the State cannot prove beyond a reasonable doubt that Jimmy Fox did this to this little girl."

 Appellant, who has a previous conviction for burglary, testified on his own behalf. 
After reading appellant's testimony in the statement of facts, we believe that it is fair to say that
some persons might find appellant to be "difficult" and "irritating." We believe that it was a
reasonable trial tactic for counsel to anticipate a possible negative reaction to appellant's
testimony, as well as the certainty that the State would impeach appellant's testimony with proof
of his previous felony conviction, in order to mitigate its effect on the jury. 

 Extraneous offense. While cross-examining the complainant's mother, defense
counsel quoted a passage in her statement to the police.



 You didn't tell the police that you were talking on the phone with a friend
of yours, Dennis McCoy? You were at your apartment and you were talking about
how "Jimmy had physically abused me. And how he would leave and then stay
away for days at a time. Jimmy had taken advantage of me and we discussed how
Jimmy wanted to have sex one afternoon while the kids were in the room. I did not
want to do it while the kids were there but I was afraid of him and I went ahead
and told the kids to leave the room and Jimmy had sex with me. Dennis and I
discussed that Jimmy was over-sexed and I should be careful because my daughter
was real pretty and looked like me and I should watch her real carefully. I sat
there and thought about this after we hung up and I had a real strong feeling that
I needed to talk with [the complainant]." 



(Emphasis added.) Appellant contends that the emphasized portion of the witness's statement
constitutes evidence of an extraneous aggravated sexual assault, and that trial counsel was
ineffective for reading it before the jury.

 There is no question that the incident in question casts appellant in a bad light. 
Defense counsel could reasonably conclude, however, that the potential prejudicial effect of the
incident was outweighed by its contribution to appellant's defense. Appellant's defensive theory
was that the complainant and her mother made false accusations against him out of personal
animosity. To this end, counsel sought to show during cross-examination of the complainant's
mother that she was angry with appellant because he was attempting a reconciliation with his
estranged wife, that she had discussed her unhappiness with McCoy (with whom she was living
at the time of appellant's trial), and that McCoy had suggested to her that appellant might be
sexually abusing her daughter. The witness acknowledged during cross-examination that, after
this telephone conversation with McCoy, she awakened her daughter in the middle of the night
and asked her a series of leading questions, in response to which the child made the accusation
that was the basis of this prosecution. While another attorney might have chosen a different
approach to defending appellant, this is not enough to support a finding of ineffectiveness.

 Termination of parental rights. Appellant and his wife have two daughters. 
During questioning by defense counsel, appellant testified that his oldest daughter had been born
prematurely and spent the first two months of her life in the hospital, that the Department of
Human Services (DHS) took custody of the child when she was released from the hospital because
appellant and his wife "had separated and was having problems," that the hospital had made
allegations that appellant had harmed his daughter but "we went to court over that and it was
nothing," and that he had not been accused of sexually mistreating his daughter. Appellant
contends that trial counsel was ineffective for asking these questions because they opened the door
to damaging cross-examination by the State. During this cross-examination, appellant
acknowledged that he had been suspected (wrongfully, according to appellant) of pulling the
intravenous lines from his daughter's arms while she was in the hospital, that DHS unsuccessfully
sought to terminate appellant's parental rights in his daughter, and that he did not at the time of
trial have visitation rights to his daughter. 

 The questioning by trial counsel of which appellant complains was not the first
reference to appellant's problems with DHS. The complainant's mother was asked during cross-examination, "[T]he very night that your daughter makes these allegations, weren't you aware that
Jimmy Fox was seeing his wife again? Weren't you made aware of it that very night?" She
answered, "He had said something about one time that he went to her, but he was still at the same
time telling me that he wanted to try to make things work and that he wanted to get his daughter
back from DHS and make a better life." This answer was not directly responsive to the question,
but "it is often impossible to cut off an undesired answer before such answer is stated." 
Williamson v. State, 771 S.W.2d 601, 608 (Tex. App.--Dallas 1989, pet. ref'd). Under the
circumstances, counsel could reasonably believe that it was better to ask appellant to detail his
problems with DHS than to permit the witness's cryptic remark to remain unexplained. Resisting arrest and probation revocation. During his direct testimony, appellant
was asked when he first learned that he was accused of sexually assaulting the complaining
witness. Appellant answered with a long, rambling description of the morning he was arrested
for this offense. During the course of this monologue, appellant remarked, "I was asking what
the hell was going on and -- because, I mean, I didn't know what was going on. I knew my
probation was stable. The situation with the charges were supposed to be -- we was going to fight
them. I mean, it was just misdemeanors." Appellant also explained that one of the charges to
which he referred accused him of assaulting the complainant's mother. During cross-examination,
appellant acknowledged that he had been charged with resisting arrest based on an alleged
altercation with the officers who arrested him for the alleged assault. Appellant also conceded in
response to cross-examination that a motion to revoke his probation had been filed accusing him
of failing to pay certain fees and to perform community service. Appellant complains that his
attorney did not object to this questioning with regard to the motion to revoke probation and the
resisting arrest charge.

 Appellant's testimony in this cause illustrates why defendants seldom testify. 
Defense counsel did not open the door to the State's cross-examination with regard to the motion
to revoke and resisting arrest charge. Instead, appellant volunteered the information that his
probation was "stable" and that other charges were pending against him. Under the
circumstances, the State was permitted to impeach appellant with proof that a motion to revoke
probation had been filed and to inquire into the nature of the pending charges. Defense counsel
could reasonably conclude that if she attempted to limit appellant's cross-examination on these
matters by objecting, it would destroy whatever credibility appellant had by suggesting to the jury
that appellant had something to hide.

 We hold that appellant has not demonstrated that the acts and omissions of his trial
attorney were outside the wide range of professionally effective assistance. See DelRio v. State,
840 S.W.2d 443 (Tex. Crim. App. 1992). The points of error are overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 19, 1994

Do Not Publish