PD-0036-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/16/2015 11:00:24 PM
Accepted 4/21/2015 11:41:30 AM
ABEL ACOSTA
CLERK

## NO. PD-0036-15

IN THE

COURT OF CRIMINAL APPEALS OF TEXAS

---

# Enrique Gonzalez, Jr.
**Appellant**
v.
# STATE OF TEXAS
**Appellee**

---

**APPELLANT'S MOTION FOR REHEARING FROM DENIAL OF THE PETITION FOR DISCRETIONARY REVIEW**
**TEX R. APP. P. 79.2(C)**

---

Petition from the 229th Judicial District Court of Duval County, Texas
Trial Court Cause Number 12-CRD-36 and
Cause Number 04-13-00708-CR in the Fourth Court of Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

April 21, 2015

ABEL ACOSTA, CLERK

**Attorneys for Appellant**
Charles L. Barrera
State Bar No. 01805500
700 E. Second Street
Alice, TX 78332
361-664-2153
**EMAIL: barreralawfirm@aol.com**

Marisol Carvajal-Garcia
State Bar No. 24065014
1600 E. Main, Ste. 227
Alice, TX 78332
361-668-4989
**EMAIL: marisolcarvajal@hotmail.com**

**ORAL ARGUMENT REQUESTED**

## Statement Regarding Oral Argument

The appellant requests oral argument if rehearing is granted because appellant's petition presents important issues of Texas law.

## List of Interested Parties

Hon. Ana Lisa Garza                    Presiding Judge, 229th Judicial District, Trial Judge

Enrique Gonzalez, Jr.                                    Appellant & Petitioner

Charles L. Barrera                              Trial and Appellate Counsel
700 East Second Street
Alice, Texas 78332

Marisol Carvajal-Garcia                         Trial and Appellate Counsel
1600 East Main, Ste. 227
Alice, Texas 78332

Omar Escobar                          Trial and Appellate Counsel for the State
District Attorney for the 229th Judicial District
P. O. Drawer 1061
San Diego, TX  78384

Rumaldo Solis
Duval County Assistant District Attorney    Trial and Appellate Counsel for the State
P. O. Drawer 1061
San Diego, Texas 78384

Rodolfo V. Gutierrez                      Trial and Appellate Counsel for the State
Duval County Assistant District Attorney
P. O. Drawer 1061
San Diego, Texas 78384

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………………………….i

LIST OF INTERESTED PARTIES. ............................................................... i

INDEX OF AUTHORITIES................................................................... 4

STATEMENT OF THE CASE/

STATEMENT OF PROCEDURAL HISTORY......................................... 5

REQUEST FOR REHEARING................................................................. 6

       In denying discretionary review, this Court let stand an opinion that failed to follow established case law in the State of Texas.

ARGUMENT. ...................................................................................... 6

    A.    Reasons for Rehearing of Issue One ...................................... 6
    B.    Reasons for Rehearing of Issue Two. ................................... 9
    C.    Conclusion……………………………….…………………13

PRAYER FOR RELIEF......................................................................... 14

CERTIFICATION OF GOOD FAITH AND NOT DONE FOR DELAY. ............15

CERTIFICATE OF SERVICE. ................................................................... 15

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4………………16

# INDEX OF AUTHORITIES

**CASE LAW:**

*Blue v. State*, 41 S.W.3d 129, (Tex. Crim. App. 2000)……………………………..…6,8

*Crenshaw v. State*, 424 S.W.3d 753, 755 (Tex. App. – Fort Worth 2014, no pet.)….10

*Green v. State*, 912 S.W.2d 189 (Tex. Crim. App. 1995)………………...…………11

*Rabago v. State*, 75 S.W.3d 561 (Tex. App. – San Antonio, 2002)…………………..9

*Rickels v. State*, 108 SW3d 900 (Tex. Crim. App. 2003)……………………...…12

*Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983)………………………6

*Webb v. State,* 409 U.S. 95 (1972)………………………………………………………9

*Williamson v. State*, 771 S.W.2d 601 (Tex. App. – Dallas, 1989)………………11, 12

*Word v. State*, 206 S.W.3d 646 (Tex. Crim. App. 2006)……………………………12

**STATUTES:**

Tex. Code Crim. Proc. Art. 36.27……………………………………………………9, 10

Tex. Pen. Code Section 21.11…………………………………………………………..5

**RULES:**

Tex. R. Crim. Evid. Rule 103(d)………..……………………………………………6, 9

**CONSTITUTIONAL AMENDMENTS:**

U.S. Const. Am. 6……………………………………………………………………13

## STATEMENT OF THE CASE
## STATEMENT OF PROCEDURAL HISTORY

Appellant was charged by indictment with two counts of Indecency with a child in violation of TEX. PENAL CODE Sec. 21.11. The indictment alleged that Appellant, on or about June 22, 2011, in Duval County, Texas did then, with the intent to arouse or gratify his sexual desire, intentionally or knowingly engage in sexual contact with a child younger than 17 years of age, by touching her genitals and breast.

It was further alleged that Appellant pled guilty to the offense of Aggravated Sexual Assault on July 9, 1996. In that case, Appellant received a sentence of five (5) years probation. (C.R. Vol. 1, Pages 90-91). A punishment of life imprisonment was assessed by the Court because enhancing circumstances were found to be true.

The judgment of Petitioner's conviction was entered on July 1, 2013. Petitioner's notice of appeal was timely filed. On December 10, 2014, the Fourth District Court of Appeals issued an unpublished opinion by Chief Justice Catherine Stone affirming Petitioner's conviction. Appellant's Petition for Discretionary Review was denied by this Court on April 1, 2015.

# REQUEST FOR REHEARING

## REQUEST FOR REHEARING RESTATED:

In denying discretionary review, this Court let stand an opinion that failed to follow established case law in the State of Texas. Appellant respectfully requests that this Court grant rehearing pursuant to TEX. R. APP. P. 79.2(c), and ultimately grant review for the reasons set forth below.

## ARGUMENT:

### REASONS FOR REHEARING OF ISSUE ONE.

**This court should reconsider issue one because the Court of Appeal's decision is inconsistent with this Court's case law.**

The first question presented in Appellant's petition was as follows:

**(A) DID THE APPELLATE COURT ERR IN FINDING THAT THE TRIAL COURT'S ADMONISHMENTS OF DEFENSE WITNESSES WERE NOT PROPERLY PRESERVED BECAUSE NO OBJECTION WAS MADE AT TRIAL?**

The Fourth Court of Appeals did not discharge its duty to review and apply the law of *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) and *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim. App. 1983) to a fair consideration of all the evidence and the entirety of the comments made by the trial court. In *Blue v. State*, supra, this Court held that pursuant to Texas Rules of Evidence 103(d), "we are authorized to take notice of fundamental errors affecting substantial rights although they were not

brought to the attention of the court."

The Appellate Court, in its unpublished opinion, stated that the "trial court admonished Gonzalez' wife, who testified as a defense witness because she hesitated before answering very simple questions that would not be complicated for an average person to answer." Also, the record shows that the following conversation transpired while the jury was present and could hear the conversation amongst the Court, Defense Counsel and this Witness:

The Court: I do not want her to perjure herself. (8 R.R. 30/12).
Ms. Garcia: Uh-huh. (8 R.R. 30/13).
The Court: So if you want to take her aside and tell her she needs to be honest. (8 R.R. 30/14-15).
Ms. Garcia: Yes. (8 R.R. 30/16).
The Court: Because there's a record here and they will come after her for perjury, I'm sure. (8 R.R. 30/17-18).
Ms. Garcia: Yes. (8 R.R. 30/19).
The Court: So please…I just don't want her to go there thinking she needs to protect him thinking that everything is fine. (8 R.R. 30/20-22).
Ms. Garcia: Okay. (8 R.R. 30/23).
The Court: Because I don't like that she's hedging here. (8 R.R. 30/24-25).
Ms. Garcia: Do you want me to take her in the jury room? (8 R.R. 31/1-2).
The Court: Just over here to the side. Just take her to the side. Just take her to the side. Just be honest. (8 R.R. 31/3-5).
Ms. Garcia: Yes, ma'am. (8 R.R. 31/6).
(At this point in time, the witness and defense attorneys left the courtroom, but the court and jurors remained). (8 R.R. 31/7-9).
Outside of the presence of defense counsel and their witness and in front of the jury, the court made the following comment:
The Court: Okay, someone needs to be there so that that's the only thing that's discussed. (A deputy left the courtroom and went with the witness and the defense attorneys. When they returned the trial resumed.) 8 R.R. 31/10-15.
The Court: I do have to remind you, ma'am that you are under oath. (8 R.R. 31/16-17).

The Witness: Okay. (8 R.R. 31/18).
The Court: And you are subject to the same penalties of perjury as everybody else that take the stand. Okay? (8 R.R. 31/19-21).
The Witness: Okay. (8 R.R. 31/22).

After the witness completed her testimony, the Defense called David Alvarado to the stand. The following communications occurred between the court and Mr. Alvarado.

The Court: Call your next witness. (8 R.R. 39/11).
Ms. Garcia: David Alvarado. (8 R.R. 39/13).
The Court: Mr. Alvarado. (8 R.R. 39/13).
The Court: Mr. Alvarado stand up here. Is he in handcuffs (speaking to bailiff on the other side of the courtroom)? (8 R.R. 39/16-17).
Mr. Alvarado: No. (8 R.R. 39/18).
The Court: Okay, I didn't know why your hands were behind you like that. Okay raise your right-hand. Raise your right hand. Do you swear to tell the truth, the whole truth, and nothing but the truth, so help you God?
The Witness: Yes, ma'am. (8 R.R. 39/23).
The Court: State your name for the record. (8 R.R. 39/24).
The Witness: David Alvarado, Jr. (8 R.R. 39/25).
The Court: Mr. Alvarado, I do need to tell you as well as all the other witnesses that your testimony is subject to perjury so you are taking an oath to tell the truth so please do. Have a seat. Okay. You are going to have to talk into the mic. (8 R.R. 40/1-5).

In this case, the trial court's comments rise to the level of creating fundamental error that affects substantial rights although they were not brought to the attention of the trial court via objection. The majority opinion of the appellate court completely fails to address this issue in *Blue*, supra. In *Blue*, "a plurality of the Texas Court of Criminal Appeals held that the comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of

constitutional dimension and required no objection." *Rabago v. State*, 75 S.W.3d 561 (Tex. App. – San Antonio, 2002).

Pursuant to Rule 103(d) this Court, even though there was no objection, is authorized to review the trial judge's statements because they constituted fundamental error of constitutional magnitude. In this case, the trial court attempted to rationalize her admonishments to Defense witnesses Briones and Alvarado by stating that she did admonish the victim when she was on the stand. However, the admonishments to the victim were kind and gentle compared to the harsh and accusatory admonishments of Appellant's witnesses. (7 R.R. 22/9-25), (7 R.R. 23/1-3), (7 R.R. 101/3-6), (7 R.R. 106/18-20).

Additionally, the United States Supreme Court in *Webb v. State* held that once a witness swears to give truthful answers, there are no requirements to warn him not to commit perjury of conversely to direct him to tell the truth. It would render the sanctity of the oath quite meaningless to require admonition to adhere to it. *Webb v. State*, 409 U.S. 95 (1972).

## REASONS FOR REHEARING OF ISSUE TWO.

**This court should reconsider issue one because the Court of Appeal's decision is also inconsistent with this Court's case law.**

The second question presented in Appellant's petition was as follows:

**(B) DID THE APPELLATE COURT ERR BY FAILING TO COMPLY WITH THE MANDATORY PROVISIONS OF ARTICLE 36.27 OF THE**

**TEXAS CODE OF CRIMINAL PROCEDURE REGARDING A NOTE FROM THE JURY STATING THAT THE JURY WAS DEADLOCKED?**

It is settled that this State's courts of appeal are bound by this Court's holdings.[1] The Appellate Court did not address the applicability of Article 36.27 to the facts of the case now before the Court because it peremptorily ruled that Gonzalez failed to preserve error because he did not object. Counsel for Gonzalez was never presented with an opportunity to object because the jury note declaring an 8 to 4 deadlock was never presented to counsel. To prove this point, Gonzalez would show that at 7:45p.m. the trial court responded to a jury note asking how long Gonzalez was in the victim's room. (8 R.R. 206/1-25, 207/16). The Trial Court and Counsel for the defense and State discussed the note and after agreeing on how the Court should respond, the Court instructed the Jury on how to proceed. The jury resumed deliberations. (8 R.R. 207/12-16).

A second note was later discovered by defense counsel while preparing for a Motion for New Trial that was never revealed by the Court during jury deliberations.

Later at 9:50 p.m., (8 R.R. 202/4-8 R.R. 207/15), the trial court brought the jury back in and stated "I understand you are deadlocked and started reading the Allen Charge. Unbeknownst to Defense Counsel, the Court had received a second note from the jury stating they were deadlocked at 8-4. (C.R. Vol.1, Page 190- Movant's Exhibit 2.)

---

[1] *Crenshaw v. State*, 424 S.W.3d 753, 755 (Tex. App.—Fort Worth 2014, no pet.).

Thus, the Defendant was never given an opportunity to object to the second note. If Defense Counsel had known of the existence of the second note it would have altered the Defendant's critical strategy on how to proceed further. For instance, attempting to negotiate with the State for a sentence far lesser than Automatic life imprisonment. Failure to reveal or disclose the second note was harmful error because of the harsh automatic life sentence imposed by the Court.

It is incumbent upon a trial court to follow what is on its face the simple clear and direct mandate of the statute to require the written instructions or answer to a jury's communication to be read in open court in the presence of the Defendant or his counsel unless expressly waived by the Defendant, and to require the court reporter to prescribe such proceedings so that they may become part of the record. *Williamson v. State*, 771 S.W.2d 601 (Tex. App. – Dallas, 1989). In this case the Appellate Court held that the record presented contained no reference to the procedures the trial court followed in responding to the jury's note that they were deadlocked. It further stated that the record is also silent on when Gonzalez or the State of Texas became aware that the trial court received the communication from the jury. The reviewing court went on to say that when the record is silent, a reviewing court must presume that the trial court's response to a jury note was in open court and in the Appellant's presence, giving him the opportunity to object, citing *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). It is the "appealing party's burden to present a record

showing properly preserved reversible error." *Word v. State*, 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006). The present case is distinguishable from the aforementioned cases because counsel for Gonzalez was never presented with a note that the jury was deadlocked.

The Appellate Court erred in its opinion that Appellant had an opportunity to object to the trial Court's failure to present the note to them prior to instructing the jury. In *Williamson*, the Court noted that there was nothing transcribed by the Court Reporter in the record about a jury communication and the Court's response. In the case now before this Court, the record clearly states the following: "I've been advised, uh, by the bailiff that you all are stating you are deadlocked." (8 RR 207/19-22). The Court makes no reference to a written note that had been delivered to the her specifically stating the jurors were deadlocked at 8 to 4. In fact, the record is abundantly clear that the communication by the Bailiff stated that the jury was deadlocked. Appellant cannot object to a note that was never disclosed to counsel.

In *Rickels*, this Court considered a prior opinion holding that a Defendant must complain at trial to the conditions he finds objectionable. *Rickels v. State*, 108 SW3d 900 (Tex. Crim. App. 2003). By failing to object to the terms and conditions of probation at trial, a Defendant affirmatively waives any complaints he may have had. The court went on to say that the court modified the terms of Rickels probation without a hearing, and <u>Rickels had no opportunity to object</u>. (emphasis ours).

We can make a favorable comparison to the case now before this court. Gonzalez had no opportunity to object to the court's response to the jury's 8 to 4 note. The trial court never disclosed the existence of this note, thus depriving him of his constitutional right to Counsel. (U. S. Const. Am. 6).

## Conclusion

Appellant requests that this Court reconsider Appellant's Motion for Rehearing of Appellant's Petition for Discretionary Review. In denying discretionary review, this Court let stand an opinion that failed to follow established case law in the state of Texas. Considered individually and collectively, these errors warrant this Court to grant Appellant's Petition for Discretionary Review.

# PRAYER FOR RELIEF

For the reasons alleged above, Enrique Gonzalez, Jr. was denied a fair trial. Gonzalez prays that this Honorable Court will grant his request for rehearing, grant review and order briefing on the merits of this case.

Respectfully submitted,


*/s/ Charles L. Barrera*
CHARLES L. BARRERA
700 East Second Street
Alice, TX  78332
(361) 664-2153
Attorney for Appellant
State Bar No. 01805500

*/s/ Marisol Carvajal-Garcia*
MARISOL CARVAJAL-GARCIA
1600 E. Main, Ste. 227
Alice, TX  78332
(361) 668-4989
Attorney for Appellant
State Bar No. 24065014

## CERTIFICATION REQUIRED BY TEX. R. APP. P. 79.2(c)

I certify that this Motion for Rehearing from this Court's order refusing Enrique Gonzalez, Jr.'s Petition for Discretionary Review is grounded in the significant circumstances specified in this Motion. Further, I certify that this Motion is made in good faith and not for delay.

*/s/ Charles L. Barrera*

_____

Charles L. Barrera

*/s/ Marisol Carvajal-Garcia*

_____

Marisol Carvajal-Garcia

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Rehearing from denial of Petition for Discretionary Review has been served, via email at duval229da@yahoo.com to the Duval District Attorney's on the 16th day of April, 2015.

*/s/ Charles L. Barrera*

_____

Charles L. Barrera

*/s/ Marisol Carvajal-Garcia*

_____

Marisol Carvajal-Garcia

# CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.   This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 3007 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.   This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using Microsoft Word 2007 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

*/s/ Charles L. Barrera*

_____

Charles L. Barrera

*/s/ Marisol Carvajal-Garcia*

_____

Marisol Carvajal-Garcia