In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00184-CR**
_____

**TARRELL DONALD NOWLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-04-05123-CR**

**MEMORANDUM OPINION**

A jury convicted appellant Tarrell Donald Nowlin of robbery, and the trial court assessed punishment at thirty years of confinement as a habitual offender. In two issues on appeal, Nowlin argues that the evidence was legally insufficient to support his conviction, and that the trial court abused its discretion by failing to have testimony read back in response to a jury question. We affirm the trial court's judgment.

1

PERTINENT BACKGROUND

A grand jury indicted Nowlin for robbery, a second-degree felony. The indictment alleged that Nowlin

> while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten[ed] or place[d] [R.G.] in fear of imminent bodily injury or death[.]

R.G. testified that in April 2017, she was working at a bank when Nowlin approached her teller window and said, "'Give me all your hundreds.'" R.G. testified that Nowlin was aggressive and firm, and that, although she did not see a weapon in Nowlin's hands, she had the impression that Nowlin had some sort of weapon and that he was ready to use it. R.G. testified that during the robbery she was frightened and afraid of immediate bodily injury or death. R.G. explained that Nowlin told her not to mess with him, so she gave him all her hundreds.

Three of R.G.'s co-workers testified at trial. B.B. testified that the robbery was a scary event and that she was scared for her co-workers, because she heard Nowlin threaten the teller and say, "'Don't make me use this.'" B.B. testified that she believed Nowlin had a weapon. T.A. testified that during the robbery, R.G. looked shocked and scared, and when R.G. ran out of hundreds, Nowlin told R.G. not to mess with him. T.A. testified that she thought Nowlin had a weapon because

he said, "'Don't make me use this.'" S.P. also testified that she heard Nowlin say, "'Don't make me use this.'"

Nowlin moved for a directed verdict, arguing, among other things, that the evidence failed to show that he had placed anyone in fear. The trial court denied Nowlin's motion. The jury found Nowlin guilty of robbery, and the trial court sentenced Nowlin to thirty years of confinement as a habitual felony offender. Nowlin appealed.

ANALYSIS

In issue one, Nowlin challenges the legal sufficiency of the evidence. Nowlin argues that the evidence failed to show that in the course of committing theft of property, he knowingly and intentionally threatened or placed R.G. in fear of imminent bodily injury or death. According to Nowlin, his words and conduct are clearly insufficient to place a reasonable person in the victim's circumstances in fear of imminent bodily injury or death.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The factfinder is the ultimate authority on the credibility of

witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 899 n.13 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17).

A person commits the offense of robbery if, in the course of committing theft and with the intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (West 2019); *Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013). The Texas Penal Code defines intentionally and knowingly as follows:

> (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

4

(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Tex. Penal Code Ann. § 6.03(a), (b) (West 2011). Because the robbery statute includes implicit threats that may lead the victim to being placed in fear and to parting with property against her will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense. *Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011).

R.G. testified that although she did not see a weapon during the robbery, R.G. had the impression that Nowlin had a weapon and that he was prepared to use it. R.G. testified that when she ran out of money to give Nowlin, he told her not to mess with him, and R.G. explained that she was afraid of immediate bodily injury or death. B.B. testified that she was scared for her co-workers and she believed that Nowlin had a weapon, because she heard Nowlin threaten the teller. T.A. testified that during the robbery, R.G. looked scared, and T.A. thought Nowlin had a weapon. T.A. and S.P. testified that they heard Nowlin say, "'Don't make me use this.'"

Based on our review of the record, there was sufficient evidence for a rational jury to infer that Nowlin threatened R.G. by his actions, that R.G. perceived the threatening behavior, and that R.G. was placed in fear of imminent bodily injury or

5

death because of Nowlin's threatening behavior. *See Boston*, 410 S.W.3d at 326-27. A rational jury could have also inferred from this evidence that Nowlin was aware that it was reasonably certain that his actions would place someone in fear of imminent bodily injury or death. *See Howard*, 333 S.W.3d at 140. Viewing all the evidence in the light most favorable to the verdict, the jury could conclude, beyond a reasonable doubt, that Nowlin committed the offense of robbery. *See* Tex. Penal Code Ann. § 29.02(a)(2); *Jackson*, 443 U.S. at 319; *see also Hooper*, 214 S.W.3d at 13. Accordingly, we overrule issue one.

In issue two, Nowlin argues that the trial court abused its discretion by failing to read back testimony in response to one of the jury's questions about R.G.'s testimony. According to Nowlin, the trial court should have read back R.G.'s entire testimony consisting of seventeen pages instead of giving a generic answer advising the jury that it could not locate testimony responsive to the request. Nowlin did not object to the trial court's response.

Article 36.28 of the Texas Code of Criminal Procedure governs the circumstances under which a trial court may read a potion of the reporter's record to the jury during deliberations. Tex. Code Crim. Proc. Ann. art. 36.28 (West 2006). To preserve a complaint that the trial court failed to comply with article 36.28, a defendant must either object or file a bill of exception. *Hollins v. State*, 805 S.W.2d

6

475, 476 (Tex. Crim. App. 1991); *Williamson v. State*, 771 S.W.2d 601, 605 (Tex. App.—Dallas 1989, pet. ref'd). When a defendant fails to preserve error, the trial court's actions are presumed to comply with the requirements of article 36.28, and any alleged error is waived. *Hollins*, 805 S.W.3d at 476-77; *Maldonado v. State*, 425 S.W.2d 646, 648 (Tex. Crim. App. 1968); *Williamson*, 771 S.W.2d at 605.

Because Nowlin failed to make a timely objection or file a bill of exception concerning the trial court's alleged failure to comply with the requirements of article 36.28, he has failed to preserve this issue for our review. *See Hollins*, 805 S.W.2d at 476-77; *Maldonado*, 425 S.W.2d at 648; *Williamson*, 771 S.W.2d at 605. We overrule issue two. Having overruled each of Nowlin's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 6, 2019
Opinion Delivered July 10, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

7