**Robert Paul ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0004–Cr.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1982.

John Woodard, Houston, for appellant.
Ray Elvin Speece, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

DOYLE, Justice.

This is an appeal from a conviction for aggravated robbery. The appellant was sentenced to life as a habitual criminal. We affirm the trial court's judgment.

The complainant testified that the appellant entered her home by breaking in her front door in the early morning hours of December 9, 1979. She was told by the appellant to get her car keys and, while she was getting them, he fired several shots at her. After threatening to kill complainant, the appellant stole her money and car. He was positively identified by the complainant in the courtroom as the man who broke in her front door and robbed her.

James Burnett testified that he was employed as a security guard for an apartment complex. On December 9, 1979, while patrolling that complex at approximately 2:00 a. m., he observed a vehicle go speeding through. He tried to stop the vehicle and when the vehicle stopped, two men jumped out. He identified appellant as one of the men in the car.

Robert McCleary, who was Burnett's partner, testified that after appellant jumped out of the car, he saw him run

upstairs toward an end apartment. He yelled at the appellant to stop. He next saw the appellant breaking into an apartment and a woman running out of it. The appellant was apprehended and placed under arrest by McCleary.

Mary Marks corroborated McCleary's testimony, stating that appellant broke into her apartment. She testified that after returning to her apartment, she found a small handgun in her bedroom, although previously there were no guns in her apartment. She identified appellant as the man who entered her apartment. Appellant made no objection to the testimony of this witness concerning the handgun.

Officer Piel testified that he investigated the incident at the apartment complex. He received the weapon found in Mary Marks' apartment from the security guards. The appellant objected to this testimony. This objection was sustained. The appellant made no further request for relief. Officer Piel then testified that he saw the weapon which the security guards had recovered and that it was a .25 caliber automatic. No objection was made to this statement.

Officer Valentine testified that he investigated the incident at the complainant's home where he recovered a loaded .45 caliber automatic pistol in the driveway. Later that morning the complainant's vehicle was recovered at an apartment complex, approximately five miles from the complainant's home.

Valentine also testified that upon arriving at the apartment complex, he saw appellant in the custody of an officer and several security guards. He also saw a .25 caliber automatic weapon that had been recovered by the security guards. The weapon was marked and identified as State's Exhibit 11. Appellant made no objection to the testimony of Officer Valentine regarding the .25 caliber pistol.

Appellant's one ground of error avers that the court erred in admitting testimony regarding the recovery of a .25 caliber pistol, during the State's direct examination of Officer Valentine, because this evidence was not relevant to any contested issue in the case and served to show the extraneous offense of possession of a firearm. This, appellant contends, had the effect of trying him on a collateral offense or for being a criminal generally, when in fact he was charged only with aggravated robbery.

■ Appellant's contention raises two issues for this court's consideration. We first consider whether appellant preserved any error concerning the admission of Officer Valentine's testimony in reference to the .25 caliber automatic pistol. The record shows that no objection was made to Valentine's testimony concerning the subject pistol. Officer Piel had first mentioned this pistol and the court sustained an objection concerning it on the grounds that a proper predicate had not been laid. No further relief was requested by appellant. Then followed Valentine's testimony about the same weapon to which no objection was interposed. We hold that no error was preserved for review. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978); *Stone v. State*, 583 S.W.2d 410 (Tex.Cr.App.1979); *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr.App.1974).

■ We next consider whether the trial court abused its discretion in admitting the weapon into evidence. As a general rule, the test for determining whether to admit items into evidence is to weigh their probative value and relevance against the possible prejudicial effect such admission could have upon the accused's guilt or innocence. *Lanham v. State*, 474 S.W.2d 197 (Tex.Cr.App.1972). From the evidence before us, the pistol was recovered by police officers after the appellant's flight from the scene of the robbery to the apartment of Mary Marks. Prior to going to this apartment, the appellant had fired shots at complainant Evans, had threatened to kill her, and had stolen her car and her money. The recovery of the .25 caliber weapon was thus relevant to the proof of the State's case of aggravated robbery by the using and exhibiting of a firearm. The recovery was also one of the circumstances attendant to the accused's arrest. Our Court of Criminal

Appeals has repeatedly held that the State may prove the circumstances surrounding the arrest and that the decision to admit evidence gathered at such time lies within the discretion of the trial judge and will not be disturbed unless a clear abuse of discretion is present. *Jones v. State*, 471 S.W.2d 413 (Tex.Cr.App.1971); *Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App.1972); *Lenzi v. State*, 456 S.W.2d 99 (Tex.Cr.App.1970).

The record in this case does not show that appellant properly and timely objected to the admission of evidence concerning the .25 caliber pistol. There is no showing that the trial court abused its discretion in admitting the subject evidence.

The judgment of the trial court is affirmed.