Donald MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00092–CR.

Court of Appeals of Texas, Dallas.

July 18, 1983.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Molly Meredith, Asst. Dist. Atty., for appellee.

Before ALLEN, VANCE and MALONEY, JJ.

PER CURIAM.

Donald Martin appeals his conviction of attempted rape. Trial was before a jury. The court assessed punishment, enhanced, at confinement for life in the Texas Department of Corrections. Appellant raises as error: (1) a communication between the trial court and jury in violation of article 36.27 of the Texas Code of Criminal Procedure; (2) failure of the court reporter to take down the voir dire examination; and (3) improper bolstering of the complainant's identification testimony. We find no error and, accordingly, affirm the conviction.

■ In his first ground of error, appellant contends that the trial court erred when it communicated with the jury without complying with article 36.27 of the Texas Code of Criminal Procedure.[1] The court received a note from the jury which read:

---

1. Tex.Code Crim.Pro.Ann. art. 36.27 (Vernon 1981), provides:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

The jury has been unable to reach a decision.

/s/ Kathryn Ruth Pettus
Foreman

Without informing counsel of the note, the trial court prepared a written reply, and transmitted it to the jury through the bailiff. The reply read:

You are instructed that you have not deliberated a sufficient amount of time to arrive at a verdict. You are instructed to continue to deliberate.

Appellant asserts that the trial court's conduct is error because the jury was not brought into open court nor was he or his counsel notified of the communication. Appellant argues that the provisions of article 36.27 are mandatory and that this communication between the trial court and jury in violation of the statute constitutes reversible error. Where the trial court gives additional instructions to the jury, the provisions of the statute are mandatory, and noncompliance constitutes reversible error. *Edwards v. State,* 558 S.W.2d 452 (Tex.Cr. App.1977); *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967, as amended). However, where the communication does not amount to additional instructions, noncompliance with the provisions of article 36.27 is not reversible error. *Nacol v. State,* 590 S.W.2d 481 (Tex.Cr.App.1979); *Arrevalo v. State,* 489 S.W.2d 569 (Tex.Cr.App.1973); *Rodriguez v. State,* 625 S.W.2d 101 (Tex.App.— San Antonio 1981, pet. ref'd). We hold that the communication between the trial court and jury did not amount to additional instructions. The reply of the court did not pertain to the law in regard to the offense or the facts of the case. *See Rodriguez,* 625 S.W.2d at 103. As there were no additional instructions given by the trial court in its reply, the failure to comply with the statutory provisions does not constitute reversible error. Appellant's ground of error is overruled.

■ Appellant next contends that his rights under Tex.Code Crim.Proc.Ann. art.

All such proceedings in felony cases shall be a part of the record and recorded by the

40.09, § 4 (Vernon Supp.1982–1983) were violated in that the trial court, after granting his motion for the court reporter to record the voir dire examination, failed to have the court reporter present in court. Appellant argues that the court had an affirmative duty to insure that the court reporter was present to record the voir dire examination. He asserts that the holding in *Armitage v. State,* 637 S.W.2d 936 (Tex. Cr.App.1982) is not controlling here because the motion was heard and granted immediately prior to the voir dire proceedings. In *Armitage,* the trial court granted the defendant's motion to have the voir dire recorded approximately two months before the trial. The Court of Criminal Appeals held that the failure of the court reporter to take down the voir dire examination was not reversible error because to hold so would place an unconscionable responsibility on the court in the conduct of a trial. *Id.* at 938. Appellant attempts to distinguish *Armitage* and would have us hold that the failure to have voir dire recorded is reversible error where the trial court grants the motion immediately prior to the beginning of such proceedings. However, this contention overlooks much of the rationale underlying the holding in *Armitage.* A motion to have the voir dire proceedings recorded was deemed analogous to a motion in limine where objections during trial are needed to preserve error. The court noted that the record did not indicate that the matter of a court reporter taking the voir dire was ever again brought to the attention of the court. "[The] appellant by his silence, gave tacit approval to the court reporter's failure to take the voir dire examination." *Id.* at 938. We hold that the failure of the court reporter to take the voir dire examination is not reversible error in this case. To the extent that the trial court has a duty to insure the court reporter's presence in court, appellant has an equal duty to point out the absence of the court reporter so that the trial court can correct the omission.

court reporter.

Appellant's second ground of error is overruled.

■ Appellant's last ground of error complains of improper bolstering of the identification testimony of the complainant. During examination of a police officer, the following exchange occurred:

Q. [By the prosecutor] Did you see anything unusual going down Lamar near Commerce that was unusual?

A. Yes, sir, as we turned off of Lamar onto Commerce, [the complainant] told me, that's him—

Appellant contends that the answer of the witness bolstered the unimpeached identification testimony of the complainant. We disagree with appellant that the officer's testimony was bolstering. Other testimony by the same witness showed that as he and the complainant were driving down the street in a squad car, the complainant pointed at a man standing on the sidewalk. The man pointed out was identified by the witness as appellant. As the officer approached, appellant turned, saw the officer, and began running. He was arrested after a brief chase. Evidence of the circumstances surrounding an arrest is admissible unless it is unduly prejudicial and has no relevance to any issue in the case. *Hernandez v. State,* 484 S.W.2d 754 (Tex.Cr.App. 1972); *Jones v. State,* 471 S.W.2d 413 (Tex. Cr.App.1971); *Adams v. State,* 630 S.W.2d 744 (Tex.App.—Houston [1st Dist.] 1982, no pet.); *Meek v. State,* 628 S.W.2d 543 (Tex. App.—Fort Worth 1982, pet ref'd). We hold that the officer's testimony was not bolstering of the complainant's identification testimony, but rather, was one of the circumstances surrounding appellant's arrest. Appellant's third ground of error is overruled.

The judgment is affirmed.