Jerry Allen **REDFEARN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–85–030–CR.

Court of Appeals of Texas,
Waco.

Aug. 8, 1985.

James Walker, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Constance M. Maher, Randall Isenberg, Asst. Dist. Attys., Dallas, for appellee.

HALL, Justice.

Pleading not guilty, appellant Jerry Allen Redfearn was found guilty by a jury for committing the offense of attempted indecency with a child. The trial court assessed punishment at confinement in the Texas Department of Corrections for a period of seven years. Appellant seeks reversal on two grounds of error claiming that the evidence is insufficient to support the conviction and that the trial court erred in re-reading testimony before the jury without a proper written request pursuant to Articles 36.27 and 36.28 of Vernon's Ann.C.C.P. We affirm the conviction.

The evidence shows that in the afternoon of April 22, 1984, thirteen-year-old P___ A___ R___ was walking with her younger sister and her cousin to the grocery store. The apartment complex in which P___ resided was located directly behind the grocery store. As the three children approached the store, P___ saw appellant standing near a garbage can and a merry-go-round located at the entrance of the store. Once inside the store, P___ noticed appellant watching her on two occasions. Appellant stood in front of P___ at the checkout stand and asked her to hand him a pack of cigarettes. Appellant then exited the store. P___ started to leave the store but realized that she needed to get some change for her lunch money. As she did so, her sister and cousin went to the back of the store to get a drink. Apparently appellant re-entered the store, walked by P___ and purchased a soft drink. P___ retrieved her sister and cousin and walked out of the store and proceeded to go home.

As the three children walked home, P___ noticed that appellant was following approximately ten feet behind them. Appellant walked by the children when they stopped for a moment so P___'s little sister could be placed on her cousin's shoulders. Appellant walked through a small gate in a wall that separates the alley from the apartment complex. P___ related the following on direct examination:

Q Okay. And, did you approach where he was standing?

A Yes, sir.

Q Okay. What happened then?

A Then, he walked back through the wall and he said, he asked me, he said, "you know what?" I said, "What?" and he said, "I want something and I'm going to get it." And he tried to grab me and I knocked his hand away.

Q He approached you and said, "You know what?"

A Yes, sir.

Q And what did you say?

A I said, "What?"

Q And what did he say in response to that?

A He said, "I want something and I'm going to get it."

Q "I want something and I'm going to get it"?

A Yes, sir.

Q And then he grabbed for you?

A Yes, sir.

Q Okay, What part of your body did he grab for?

A Down in my private.

Q Between your legs?

A Yes, sir.

Q And what did you do?

A Knocked his hand away.

After P___ knocked appellant's hand away, appellant "walked away laughing." Officer Michael Bates talked with P___ during his investigation of the incident. He testified that he asked P___ if appellant attempted to "grab [her] by the breast or in between your legs." P___ indicated that appellant had tried to do so, but she knocked his hand away.

Following appellant's arrest, he signed a written confession in which he admitted the following:

Back in April of this year my girl friend and I were at Minyards buying some cigarettes. My girl friend and I were fighting and she left me. So I went into the store to buy some cigarettes. I asked this girl in front of me to hand me a pack of cigarettes. So she handed them to me. I paid for them. I followed her to the side of Minyards and I grabbed her. I told her I wanted to have her. She slapped my hand away and ran home. I admit that I have a problem so I would like to get this problem taken care of.

The trial court conducted a hearing outside the presence of the jury on the voluntariness of the confession and subsequently concluded that the confession was given voluntarily. This finding is supported by the record.

Section 21.11 of the Penal Code sets forth the elements of the offense of indecency with a child. "A person commits an offense if, with a child younger than 17 years, and not his spouse, whether the child is of the same or opposite sex, he: engages in sexual contact." "Sexual contact" is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Penal Code § 21.01(2).

Appellant argues "that there is a total absence of any evidence to show that [he] specifically intended to commit the offense of indecency with a child...." He asserts that while the evidence does show that he attempted to grab P___, it does not show that he attempted to grab her with the specific intent of arousing or gratifying his sexual desire. The Court of Criminal Appeals has consistently held that "knowledge and intent can be inferred from conduct of, remarks by and circumstances surrounding the acts engaged in by an ac-

cused." *Turner v. State*, 600 S.W.2d 927, 929 (Tex.Cr.App.1980). *See also McKenzie v. State*, 617 S.W.2d 211, 216 (Tex.Cr.App. 1981). We conclude that appellant's statement to P___ that he wanted something and was going to get it, his attempt to touch her genital area and his confession that he told P___ that he "wanted to have her" support the conviction for attempted indecency with a child. Appellant's first ground of error is overruled.

Appellant asserts in his second ground of error that it was error for the trial court to permit the re-reading of testimony without a proper written request from the jury. During the process of deliberation, the jury sent a note to the trial court asking to hear a certain portion of one of the witnesses' testimony. In response to the note, the jury was brought into the courtroom, in the presence of appellant, his counsel and the prosecutor. The trial court instructed the court reporter to read the requested portion of the testimony. At the conclusion of the reading, a juror asked, "Could I hear that last again?" Without objection, the trial court instructed the court reporter to re-read the testimony once more at a slower pace. After the jurors returned to the jury room to resume deliberations, appellant's counsel moved for a mistrial because the request of the juror was not in writing and therefore it was improper to re-read the testimony. The trial court denied the request for a mistrial and noted "that the words read were the exact same words that were read the first time by [the court reporter]."

 We do not believe that the juror's request to have the testimony repeated after it had already been read by the court reporter constituted a new request requiring a written note. Furthermore, appellant did not object to the re-reading of the testimony, but merely moved for a mistrial after the juror's request had been honored and the jury excused to resume deliberations. Absent an objection, nothing is presented for review. *Archie v. State*, 615 S.W.2d 762, 765 (Tex.Cr.App.1981). Finally, error, if any, in this instance was harmless. *Martin v. State*, 654 S.W.2d 855, 857 (Tex.App.—Dallas 1983, no pet.). Appellant's second ground of error is overruled.

The judgment is affirmed.