COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LUIS NAVA, III, | § | No. 08-08-00197-CR |
| Appellant, | § | Appeal from the |
| V. | § | 384th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20050D05573) |
| | § | |
| | § | |

## **O P I N I O N**

Luis Nava, III was convicted of sexual assault of a child (Count I), sexual performance by a child (Count II), and possession of child pornography (Count III). The jury convicted Appellant of all three offenses as charged in the indictment. Appellant was sentenced to 7 years' imprisonment for the conviction under Count I; 2 years' imprisonment for the conviction under Count II; and 2 years' imprisonment for Count III. The trial court ordered the sentences for Counts I and II to run consecutively. Appellant's sentence under Count III was ordered to run concurrently. On appeal, he raises six issues related to the trial court's instructions to the jury, the exclusion of certain evidence, the sufficiency of the indictment, the accomplice witness rule, and the double jeopardy clause of the United States Constitution.

Appellant, a former El Paso Police Officer, was indicted in November 2005. The charges were filed following an investigation of Appellant's sexual relationship with his step-daughter's friend, J.V. The girls were in eighth grade when they met. J.V. was fourteen years' old when she

met Appellant.

According to J.V.'s trial testimony, Appellant began making sexual advances toward her on one of the many occasions she visited her friend's home. J.V. was fourteen when she and Appellant began having intercourse. Appellant continued a sexual relationship with J.V. for over three years. During that period, he met with her in several different locations for sex, and on occasion, took polaroid photographs of J.V. performing sexual acts. Occasionally, Appellant would pick J.V. up for sex on his way home from work in his patrol car, while still dressed in his uniform. On one occasion, he even responded to a police call while J.V. waited in the patrol car.

J.V. made an outcry to law enforcement officials when she was seventeen. She testified that she wanted the relationship to stop but she could not get away from Appellant.[1] J.V. provided police with a video-taped statement regarding her relationship with Appellant at the El Paso Advocay Center for Children on August 3, 2005. In a subsequent search of Appellant's locker at the El Paso Police Department's Northeast Regional Command Center, detectives located several photographs, letters, and other items related to Appellant's relationship with J.V.

In Issue One, Appellant contends the trial court violated Article 36.27 of the Texas Code of Criminal Procedure, and abused its discretion by sua sponte instructing the jury to continue deliberating in response to a note indicating the jury was deadlocked on Counts I and II. The State responds by arguing that the trial court's response did not constitute an additional instruction, and therefore did not violate Article 36.27.

After retiring for deliberations, the jury sent the trial court a note indicating that they had reached a decision as to Count III of the indictment, but were deadlocked as to Counts I and II.

---

[1] Part of Appellant's police duties at the time included work at J.V.'s high school.

Before Appellant or counsel returned to the courtroom, the trial court sent a written response to the jury asking them to continue deliberating. When the parties returned to the courtroom, the trial court informed them what had occurred, and indicated he intended to call the jury back into open court and give them a "dynamite charge" regarding Counts I and II. Appellant moved for a mistrial, which was denied. The court then called the jury back into open court and asked the foreman if the situation had changed since they sent the note. The foreman indicated that the situation had changed, and the jury returned to deliberations. A short time later, the jury reached its verdict.

Article 36.27 requires the trial court to use reasonable diligence to secure the presence of the defendant and his counsel prior to responding to any communications from the jury during its deliberations. *See* TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 2006). This is to afford the defendant the opportunity to review the jury's question, the court's proposed response, as well as to make any objections or exceptions in the same manner as any other written instructions submitted by counsel. *See id*. When the trial court gives additional instructions to the jury the requirements of this provision are mandatory, and the court's noncompliance constitutes reversible error. *Edwards v. State*, 558 S.W.2d 452, 454 (Tex.Crim.App. 1977). However, if the communication does not constitute an additional instruction, the statute is not implicated, and noncompliance has no impact on the case. *Martin v. State*, 654 S.W.2d 855, 857 (Tex.App--Dallas 1983, no pet.). A communication does not constitute an additional instruction when it does not pertain to the law or facts of the case. *See Martin*, 654 S.W.2d at 857. Because the trial court's response in this instance did not related to the law or facts of the case it did not constitute an additional instruction as contemplated by Article 36.27, and the court's actions did not run

-3-

afoul of the provision.  Issue One is overruled.

In Issue Two, Appellant asserts the trial court abused its discretion and committed reversible error by excluding evidence that the complainant had other sexual relationships.  On appeal, Appellant contends he was denied his constitutional right to confrontation by the trial court's exclusion of evidence which may have impeached J.V.'s testimony that the male genitalia in States Exhibit 4 was Appellant's.  This argument does not comport with the theory of admissibility defense counsel argued at trial.

At the end of the State's direct examination of J.V., the court held a hearing outside the presence of the jury to discuss Appellant's desire to cross-examine J.V. on other sexual relationships she was allegedly involved in during her relationship with Appellant.  Defense counsel argued that Texas Rule of Evidence 412 permitted cross-examination to demonstrate J.V.'s motive and bias against Appellant, or to impeach J.V. regarding whether she had ever visited the Bell Tower house outside her relationship with Appellant.  Defense counsel made no further objection or argument for the admissibility of the evidence.  Because the argument Appellant asserts on appeal does not comport with the arguments made at trial, the argument has not been preserved for our review.  *See* TEX.R.APP.P. 33.1(a); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex.Crim.App. 1998).  Issue Two is overruled.

Issues Three and Four raise challenges to the jury charge.  When reviewing alleged errors in the charge, we must first determine whether error exists.  *Druery v. State*, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007).  If there is an error, the degree of harm necessary for reversal depends on whether there was a proper objection preserving the issue for review.  *Druery*, 225 S.W.3d at 504.  When, as in this case, there is no objection to the charge the issue will only serve

as a basis for reversal if the harm was "egregious." *See Oursbourn v. State*, 259 S.W.3d 159, 174 (Tex.Crim.App. 2008). To satisfy the egregious harm standard, the appellant must show that the charge error deprived him of his right to a fair and impartial trial. *Martin v. State*, 200 S.W.3d 635, 639-40 (Tex.Crim.App. 2006).

In Issue Three, Appellant contends the trial court erred by including the phrase "on or about" the instructions section of the jury charge as it constituted a comment on the weight of the evidence and permitted the jury to convict Appellant for conduct that was not charged. Appellant asserts the following passages from the court's charge as read to the jury prior to deliberations, constituted a comment on the weight of the evidence, and allowed the jury to convict Appellant for conduct that was not a criminal offense.

> [Appellant], stands charged by indictment with the offense of sexual assault of a child. Count I. Sexual performance by a child. Count II. And possession of child pornography: Count III. Alleged to have been committed on or about the 1st day of February 2002. To these charges [Appellant] pleads not guilty. I now give you the law that applies in this case.
>
> .       .       .
>
> You are instructed that the term on or about means any time anterior to the presentment of the indictment and within the period of the statute of limitations. The statute of limitations for this cause is ten years from the 18th birthday of the victim of the offense. You are instructed that the final date of the indictment in this case is November 30th, 2005.

The term "on or about" has been interpreted to permit the State to prove the charged offense occurred on a date other than that specified in the indictment so long as the date proved is prior to the date the indictment was presented, and is within the appropriate statute of limitations. *See Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997). In this instance, the dates of the offenses proven (between February 1, 2002 and J.V.'s outcry in 2005) are anterior to the

November 30, 2005 presentment of the indictment, and are within the statute of limitations. Appellant has failed to demonstrate the court erred by providing the definition, and we overrule Issue Three.

In Issue Four, Appellant contends the jury charge was fundamentally flawed because it permitted the jury to convict him of an offense which was not included in the indictment. Appellant's argument is directed at his conviction for sexual performance by a child, Count II of the indictment. The original indictment charged Count II in relevant part as follows; "[Appellant] induced [J.V.], a child younger than 18 years of age to engage in sexual conduct to wit: if sexual conduct simulated sexual intercourse. . . ." Subsequently, Count II was amended as follows; "simulated sexual intercourse" language was replaced with "actual sexual intercourse."[2] The jury found Appellant guilty of Count II, which was charged as follows:

> [S]exual performance by a child. Now if you find from the evidence beyond a reasonable doubt, that on or about the 1st day of February of 2002 . . . [Appellant] did then and there, knowing the character and content thereof, the said [Appellant] induced [J.V.], a child younger than 18 years of age to engage in sexual conduct; to wit, actual sexual intercourse, then you will find the defendant guilty of Count II as charged in the indictment.

Because there was no variance between the charge and the amended indictment, Issue Four is overruled.

In Issue Five, Appellant raises a double jeopardy argument challenging his convictions for Counts I and II. Appellant's argument on this issue consists of three pages of conclusory statements regarding the similarity of conduct charged in Counts I and II of the indictment and

---

[2] Although the State's motion to amend does appear in the original clerk's record filed in this Court, the Amended indictment was added by supplemental record following a request by the State.

includes a single citation to Texas double jeopardy precedent. The Texas Rules of Appellate Procedure require an appellant's brief to include "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Failure to adequately brief an issue results in waiver. *Nolan v. State*, 102 S.W.3d 231, 235-36 (Tex.App.--Houston [14th Dist.] 2003, pet. ref'd). Because Appellant has failed to provide adequate briefing on this issue, the arguments are waived. Issue Five is overruled.

In Issue Six, Appellant asserts the evidence is legally insufficient to support his conviction under Counts II and III, as the record does not support the accomplice witness testimony of J.V. as required by Article 38.14 of the Code of Criminal Procedure. He also argues the trial court erred by failing to submit an accomplice witness instruction to the jury.

As in Issues Three and Four, we must review Appellant's charge error argument on the egregious harm standard as there was no objection at trial. *See Oursbourn*, 259 S.W.3d at 174. A defendant has a right to an instruction on any defensive theory raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the court may think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). Article 38.14 provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 2005). A witness may be an accomplice either as a matter of law or fact. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex.Crim.App. 2006). The evidence determines what jury instruction, if any, is needed. *Id*.

Without explanation or citation to the record, Appellant summarily concludes that the

complainant-victim was an accomplice to the offenses charged under Counts II and III of the indictment. *See Cocke*, 201 S.W.3d at 747. Based on this conclusion, Appellant argues the State failed to meet its burden of proof for conviction under Counts II and III pursuant to the accomplice witness rule, and he is therefore entitled to acquittal as a matter of law. Because Appellant has wholly failed to demonstrate that J.V. was an accomplice-witness, there is no basis to conclude the trial court's failure to include an accomplice-witness instruction resulted in egregious harm to Appellant. *See Oursbourn*, 259 S.W.3d at 174. Issue Six is overruled.

Having overruled all of Appellant's issues, we affirm the trial court's judgments.

June 16, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)