COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






LUIS NAVA, III,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-08-00197-CR

Appeal from the

384th Judicial District Court

of El Paso County, Texas 

(TC# 20050D05573) 





O P I N I O N
            Luis Nava, III was convicted of sexual assault of a child (Count I), sexual performance by
a child (Count II), and possession of child pornography (Count III). The jury convicted
Appellant of all three offenses as charged in the indictment. Appellant was sentenced to 7 years’
imprisonment for the conviction under Count I; 2 years’ imprisonment for the conviction under
Count II; and 2 years’ imprisonment for Count III. The trial court ordered the sentences for
Counts I and II to run consecutively. Appellant’s sentence under Count III was ordered to run
concurrently. On appeal, he raises six issues related to the trial court’s instructions to the jury,
the exclusion of certain evidence, the sufficiency of the indictment, the accomplice witness rule,
and the double jeopardy clause of the United States Constitution.
            Appellant, a former El Paso Police Officer, was indicted in November 2005. The charges
were filed following an investigation of Appellant’s sexual relationship with his step-daughter’s
friend, J.V. The girls were in eighth grade when they met. J.V. was fourteen years’ old when she
met Appellant.
            According to J.V.’s trial testimony, Appellant began making sexual advances toward her
on one of the many occasions she visited her friend’s home. J.V. was fourteen when she and
Appellant began having intercourse. Appellant continued a sexual relationship with J.V. for over
three years. During that period, he met with her in several different locations for sex, and on
occasion, took polaroid photographs of J.V. performing sexual acts. Occasionally, Appellant
would pick J.V. up for sex on his way home from work in his patrol car, while still dressed in his
uniform. On one occasion, he even responded to a police call while J.V. waited in the patrol car.
            J.V. made an outcry to law enforcement officials when she was seventeen. She testified
that she wanted the relationship to stop but she could not get away from Appellant.


 J.V.
provided police with a video-taped statement regarding her relationship with Appellant at the
El Paso Advocay Center for Children on August 3, 2005. In a subsequent search of Appellant’s
locker at the El Paso Police Department’s Northeast Regional Command Center, detectives
located several photographs, letters, and other items related to Appellant’s relationship with J.V.
            In Issue One, Appellant contends the trial court violated Article 36.27 of the Texas Code
of Criminal Procedure, and abused its discretion by sua sponte instructing the jury to continue
deliberating in response to a note indicating the jury was deadlocked on Counts I and II. The
State responds by arguing that the trial court’s response did not constitute an additional
instruction, and therefore did not violate Article 36.27.
            After retiring for deliberations, the jury sent the trial court a note indicating that they had
reached a decision as to Count III of the indictment, but were deadlocked as to Counts I and II. 
Before Appellant or counsel returned to the courtroom, the trial court sent a written response to
the jury asking them to continue deliberating. When the parties returned to the courtroom, the
trial court informed them what had occurred, and indicated he intended to call the jury back into
open court and give them a “dynamite charge” regarding Counts I and II. Appellant moved for a
mistrial, which was denied. The court then called the jury back into open court and asked the
foreman if the situation had changed since they sent the note. The foreman indicated that the
situation had changed, and the jury returned to deliberations. A short time later, the jury reached
its verdict.
            Article 36.27 requires the trial court to use reasonable diligence to secure the presence of
the defendant and his counsel prior to responding to any communications from the jury during its
deliberations. See Tex.Code Crim.Proc.Ann. art. 36.27 (Vernon 2006). This is to afford the
defendant the opportunity to review the jury’s question, the court’s proposed response, as well as
to make any objections or exceptions in the same manner as any other written instructions
submitted by counsel. See id. When the trial court gives additional instructions to the jury the
requirements of this provision are mandatory, and the court’s noncompliance constitutes
reversible error. Edwards v. State, 558 S.W.2d 452, 454 (Tex.Crim.App. 1977). However, if the
communication does not constitute an additional instruction, the statute is not implicated, and
noncompliance has no impact on the case. Martin v. State, 654 S.W.2d 855, 857 (Tex.App--Dallas 1983, no pet.). A communication does not constitute an additional instruction when it
does not pertain to the law or facts of the case. See Martin, 654 S.W.2d at 857. Because the trial
court’s response in this instance did not related to the law or facts of the case it did not constitute
an additional instruction as contemplated by Article 36.27, and the court’s actions did not run
afoul of the provision. Issue One is overruled.
            In Issue Two, Appellant asserts the trial court abused its discretion and committed
reversible error by excluding evidence that the complainant had other sexual relationships. On
appeal, Appellant contends he was denied his constitutional right to confrontation by the trial
court’s exclusion of evidence which may have impeached J.V.’s testimony that the male genitalia
in States Exhibit 4 was Appellant’s. This argument does not comport with the theory of
admissibility defense counsel argued at trial.
            At the end of the State’s direct examination of J.V., the court held a hearing outside the
presence of the jury to discuss Appellant’s desire to cross-examine J.V. on other sexual
relationships she was allegedly involved in during her relationship with Appellant. Defense
counsel argued that Texas Rule of Evidence 412 permitted cross-examination to demonstrate
J.V.’s motive and bias against Appellant, or to impeach J.V. regarding whether she had ever
visited the Bell Tower house outside her relationship with Appellant. Defense counsel made no
further objection or argument for the admissibility of the evidence. Because the argument
Appellant asserts on appeal does not comport with the arguments made at trial, the argument has
not been preserved for our review. See Tex.R.App.P. 33.1(a); Dixon v. State, 2 S.W.3d 263, 273
(Tex.Crim.App. 1998). Issue Two is overruled.
            Issues Three and Four raise challenges to the jury charge. When reviewing alleged errors
in the charge, we must first determine whether error exists. Druery v. State, 225 S.W.3d 491,
504 (Tex.Crim.App. 2007). If there is an error, the degree of harm necessary for reversal
depends on whether there was a proper objection preserving the issue for review. Druery, 225
S.W.3d at 504. When, as in this case, there is no objection to the charge the issue will only serve
as a basis for reversal if the harm was “egregious.” See Oursbourn v. State, 259 S.W.3d 159, 174
(Tex.Crim.App. 2008). To satisfy the egregious harm standard, the appellant must show that the
charge error deprived him of his right to a fair and impartial trial. Martin v. State, 200 S.W.3d
635, 639-40 (Tex.Crim.App. 2006).
            In Issue Three, Appellant contends the trial court erred by including the phrase “on or
about” the instructions section of the jury charge as it constituted a comment on the weight of the
evidence and permitted the jury to convict Appellant for conduct that was not charged. Appellant
asserts the following passages from the court’s charge as read to the jury prior to deliberations,
constituted a comment on the weight of the evidence, and allowed the jury to convict Appellant
for conduct that was not a criminal offense.
[Appellant], stands charged by indictment with the offense of sexual assault of a
child. Count I. Sexual performance by a child. Count II. And possession of child
pornography: Count III. Alleged to have been committed on or about the 1st day
of February 2002. To these charges [Appellant] pleads not guilty. I now give you
the law that applies in this case.
. . .
 
You are instructed that the term on or about means any time anterior to the
presentment of the indictment and within the period of the statute of limitations. 
The statute of limitations for this cause is ten years from the 18th birthday of the
victim of the offense. You are instructed that the final date of the indictment in
this case is November 30th, 2005.

            The term “on or about” has been interpreted to permit the State to prove the charged
offense occurred on a date other than that specified in the indictment so long as the date proved is
prior to the date the indictment was presented, and is within the appropriate statute of limitations. 
See Sledge v. State, 953 S.W.2d 253, 256 (Tex.Crim.App. 1997). In this instance, the dates of
the offenses proven (between February 1, 2002 and J.V.’s outcry in 2005) are anterior to the
November 30, 2005 presentment of the indictment, and are within the statute of limitations. 
Appellant has failed to demonstrate the court erred by providing the definition, and we overrule
Issue Three.
            In Issue Four, Appellant contends the jury charge was fundamentally flawed because it
permitted the jury to convict him of an offense which was not included in the indictment. 
Appellant’s argument is directed at his conviction for sexual performance by a child, Count II of
the indictment. The original indictment charged Count II in relevant part as follows;
“[Appellant] induced [J.V.], a child younger than 18 years of age to engage in sexual conduct to
wit: if sexual conduct simulated sexual intercourse. . . .” Subsequently, Count II was amended
as follows; “simulated sexual intercourse” language was replaced with “actual sexual
intercourse.”


 The jury found Appellant guilty of Count II, which was charged as follows:
[S]exual performance by a child. Now if you find from the evidence beyond a
reasonable doubt, that on or about the 1st day of February of 2002 . . . [Appellant]
did then and there, knowing the character and content thereof, the said [Appellant]
induced [J.V.], a child younger than 18 years of age to engage in sexual conduct;
to wit, actual sexual intercourse, then you will find the defendant guilty of Count
II as charged in the indictment.

Because there was no variance between the charge and the amended indictment, Issue Four is
overruled.
            In Issue Five, Appellant raises a double jeopardy argument challenging his convictions
for Counts I and II. Appellant’s argument on this issue consists of three pages of conclusory
statements regarding the similarity of conduct charged in Counts I and II of the indictment and
includes a single citation to Texas double jeopardy precedent. The Texas Rules of Appellate
Procedure require an appellant’s brief to include “a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.” Tex.R.App.P. 
38.1(i). Failure to adequately brief an issue results in waiver. Nolan v. State, 102 S.W.3d 231,
235-36 (Tex.App.--Houston [14th Dist.] 2003, pet. ref’d). Because Appellant has failed to
provide adequate briefing on this issue, the arguments are waived. Issue Five is overruled.
            In Issue Six, Appellant asserts the evidence is legally insufficient to support his
conviction under Counts II and III, as the record does not support the accomplice witness
testimony of J.V. as required by Article 38.14 of the Code of Criminal Procedure. He also argues
the trial court erred by failing to submit an accomplice witness instruction to the jury.
            As in Issues Three and Four, we must review Appellant’s charge error argument on the
egregious harm standard as there was no objection at trial. See Oursbourn, 259 S.W.3d at 174. 
A defendant has a right to an instruction on any defensive theory raised by the evidence, whether
that evidence is weak or strong, unimpeached or contradicted, and regardless of what the court
may think about the credibility of the evidence. Granger v. State, 3 S.W.3d 36, 38
(Tex.Crim.App. 1999). Article 38.14 provides that “[a] conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.” Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 2005). A
witness may be an accomplice either as a matter of law or fact. Cocke v. State, 201 S.W.3d 744,
747 (Tex.Crim.App. 2006). The evidence determines what jury instruction, if any, is needed. Id.
            Without explanation or citation to the record, Appellant summarily concludes that the
complainant-victim was an accomplice to the offenses charged under Counts II and III of the
indictment. See Cocke, 201 S.W.3d at 747. Based on this conclusion, Appellant argues the State
failed to meet its burden of proof for conviction under Counts II and III pursuant to the
accomplice witness rule, and he is therefore entitled to acquittal as a matter of law. Because
Appellant has wholly failed to demonstrate that J.V. was an accomplice-witness, there is no basis
to conclude the trial court’s failure to include an accomplice-witness instruction resulted in
egregious harm to Appellant. See Oursbourn, 259 S.W.3d at 174. Issue Six is overruled.
            Having overruled all of Appellant’s issues, we affirm the trial court’s judgments. 


June 16, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)