In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00091-CV

                                                ______________________________

 

 

 

                                            IN
RE:  OLIVER WENDELL HART, III

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            Oliver
Wendell Hart, III, files this petition for writ of mandamus complaining of
deprivation of personal property from his inmate trust fund account.  The respondent is identified as the “Bowie
County District Clerk.”  We dismiss
Hart’s petition for lack of jurisdiction. 

            Mandamus is an extraordinary remedy.  State
v. Walker, 679 S.W.2d 484, 485 (Tex. 1984). 
In order to establish that he is entitled to mandamus relief, Hart must
show that:  (1) there is no adequate
remedy at law to redress the alleged harm; and (2) only a ministerial act, not
a discretionary or judicial decision, is being sought.  State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007). 
Due to the nature of this remedy, it is Hart’s burden to properly
request and show entitlement to the mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (per curiam) (“Even a pro se applicant
for a writ of mandamus must show himself entitled to the extraordinary relief
he seeks.”). 

            This Court has jurisdiction to issue
a writ of mandamus against a “judge of a district or county court in the court
of appeals district.”  Tex. Gov’t Code Ann.
§ 22.221(b) (West 2004).  Because we do
not have jurisdiction against a district clerk unless necessary to enforce our
jurisdiction, and Hart has not demonstrated that mandamus relief is necessary
for this purpose, we have no jurisdiction over this petition.  

            We dismiss Hart’s petition for writ
of mandamus for lack of jurisdiction. 

 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          September 1, 2011

Date
Decided:             September 2, 2011

 






competent as a matter of law or indicate an inability to represent criminal defendants
capably. It should not be said that an attorney is competent one day, and incompetent the
next, because of the failure to satisfy the MCLE requirements. Hudson, therefore, was not
denied effective assistance of counsel as a matter of law because of his counsel's alleged
suspension. 
          Hudson alleges other grounds to support his contention he received ineffective
assistance of counsel. These include his lawyer's failure to: (1) file a motion for new trial;
(2) request a hearing on any pretrial motions; and (3) object to the trial court's written
communication with the jury in violation of Article 36.27. 
          The traditional standard of testing claims of ineffective assistance of counsel is set
out in Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on
this claim, an appellant must prove by a preponderance of the evidence (1) that his or her
counsel's representation fell below an objective standard of reasonableness, and (2) that
the deficient performance prejudiced her or his defense. Strickland, 466 U.S. at 687; 
Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the
appellant must prove that the attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for the attorney's
deficiency, the result of the trial would have been different. Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove that counsel's
representation so undermined the proper functioning of the adversarial process that the
trial cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. 
          Our review of counsel's representation is highly deferential; we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Id. at 689; Tong, 25 S.W.3d at 712. This Court will not second-guess through hindsight the
strategy of counsel at trial, nor will the fact that another attorney might have pursued a
different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592
(Tex. Crim. App. 1979). That another attorney, including appellant's counsel on appeal,
might have pursued a different course of action does not necessarily indicate ineffective
assistance. Harner v. State, 997 S.W.2d 695, 704 (Tex. App.—Texarkana 1999, no pet.). 
Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999).



          As far as strategic or tactical reasons for counsel's action or inaction, in the absence
of direct evidence of counsel's reasons for the challenged conduct, an appellate court will
assume a strategic motivation if any can be imagined. Garcia v. State, 57 S.W.3d 436,
440 (Tex Crim. App. 2001). We will not conclude the challenged conduct constitutes
deficient performance unless the conduct was so outrageous no competent attorney would
have engaged in it. Id.; see also Thompson, 9 S.W.3d at 814.
1. Failure to file a motion for new trial 
          Hudson contends he was denied effective assistance of counsel by his counsel's
failure to file a motion for new trial. He contends the failure to file a motion for new trial
has, perhaps, prevented this Court from determining whether his absence from the
punishment phase of trial was voluntary.
          When a motion for new trial is not filed in a case, there is a rebuttable presumption
the defendant was counseled by his or her attorney regarding the merits of the motion and
ultimately rejected the option. Oldham v. State, 977 S.W.2d 354, 362–63 (Tex. Crim. App.
1998). This presumption will not be rebutted when there is nothing in the record to suggest
otherwise. Smith v. State, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000) (presumption
not rebutted where defendant filed notice of appeal pro se in which he alleged counsel was
ineffective and defendant subsequently appeared without counsel to sign pauper's oath
and request new counsel); Oldham, 977 S.W.2d at 363 (presumption not rebutted where
defendant filed a notice of appeal pro se and an affidavit of indigency on twenty-eighth day
after sentencing and, on twenty-ninth day, a notation was made in a court document stating
attorney of record on appeal was "to be determined").
          In accordance with the above-cited cases, there is nothing in the record to rebut the
presumption that Hudson was adequately counseled regarding the merits of a motion for
new trial and ultimately rejected the option. Hudson filed a notice of appeal pro se, which
is evidence he was informed of at least some of his appellate rights. Smith, 17 S.W.3d at
662–63. There is no evidence in the record that Hudson was interested in the option of
filing a motion for new trial and that counsel did not adequately assist him in doing so. See
Prudhomme v. State, 28 S.W.3d 114, 119 (Tex. App.—Texarkana 2000, no pet.) (motion
to withdraw plea filed pro se was affirmative evidence appellant sought option of filing
motion for new trial). Therefore, nothing in the record exists to rebut the presumption that
Hudson was adequately informed of his right to file a motion for new trial and that he
ultimately rejected the option. 
2. Failure to request a hearing on pretrial motions
          Hudson contends defense counsel's failure to request a hearing on pretrial motions
deprived him of effective assistance of counsel. The failure to file pretrial motions is not
categorically deemed ineffective assistance of counsel because trial counsel may decide
not to file pretrial motions as part of his or her trial strategy. See Hammond v. State, 942
S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.); Wills v. State, 867
S.W.2d 852, 857 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). In this case, Hudson's
initial trial counsel filed numerous pretrial motions,


 but Lee, as subsequent trial counsel,
elected not to pursue a hearing on any of the motions. The decision not to pursue the
motions could have been part of trial counsel's trial strategy because rulings on the
motions may not have assisted with the defense, or the State may have had an open file
policy regarding the evidence in the case. In any event, the record does not affirmatively
demonstrate that the failure to obtain the rulings was due to counsel's ineffectiveness. See
Thompson, 9 S.W.3d at 813.
3. Failure to object to jury communication
          Hudson contends he received ineffective assistance from counsel's failure to object
to the trial court's written communication with the jury in violation of Article 36.27. While
the failure to preserve error is an instance of deficient performance, Hudson's defense was
not prejudiced by this deficiency. 
          As previously discussed, the giving of additional instructions to a jury by the trial
court without compliance with the statute requiring such communication to be in open court
and in the presence of the defendant constitutes reversible error. Smith, 513 S.W.2d at
829. The failure to object or offer a bill of exception, however, waives error on appeal. Id. 
The failure to preserve error in regard to Article 36.27 has been viewed as an instance of
deficient performance by trial counsel. See Williamson v. State, 771 S.W.2d 601, 608
(Tex. App.—Dallas 1989, pet. ref'd). 
          Likewise, these communications were additional instructions on the law. Where
communications are not carried out in strict accord with Article 36.27, courts will find no
reversible error when such communications do not amount to additional instructions on the
law or some phase of the case, such as communication regarding "administrative matters."
Jones v. State, 963 S.W.2d 826, 829 (Tex. App.—Texarkana 1998, pet. ref'd) (jury told it
could deliberate short time longer before it would be required to recess for day found to be
administrative matter); Collins v. State, 762 S.W.2d 670, 673 (Tex. App.—Tyler 1988, no
pet.); see also McFarland v. State, 928 S.W.2d 482, 517 (Tex. Crim. App. 1996) (response
of "No" to request for definition of "society" not additional instruction); Martin v. State, 654
S.W.2d 855, 857 (Tex. App.—Dallas 1983, no pet.) (court instructed jury to continue
deliberation after receiving note jury unable to reach decision). 
          In this case, the jury was given instructions on the law of the case. It was instructed
that a "mistrial would be granted" if it could not reach a unanimous decision and that the
sentences would run concurrently. Both were responses from the court which instructed
the jury on the law of the case, and neither could be termed an administrative matter. See
Tex. Code Crim. Proc. Ann. art. 36.31 (Vernon 1981), art. 42.08 (Vernon Supp. 2004).
          The instructions the trial court gave, however, were correct responses under the law,
and as such, Hudson has failed to show harm or prejudice to his defense under the second
prong of Strickland. In Williamson, the defendant was charged with burglary of a building. 
The defendant, while carrying a microwave down the street, was apprehended by police. 
Williamson, 771 S.W.2d at 604. The owner of the building which was allegedly burglarized
verified that a microwave oven, along with other property, had been removed from the
building. Id. During deliberations, the jury sent out a note to the trial court which read,
"Was the microwave positively identified as the one taken from the photo lab?" Id. The
trial court replied to this note as follows: "In reply to your above note you are instructed
that the witness Charles Drobena testified that he compared the serial number from his
records to the microwave taken by the police and that it was the one removed from his
business." Id. The mandates of Article 36.27 were not followed, and defense counsel
waived error by not objecting or making a bill of exception. Id. at 605. The court found that
the failure to preserve error for review was an instance of deficient performance by trial
counsel. Id. at 608–09. The court also found harm from the fact that the trial court's
response to the jury's question was unequivocal, whereas the only testimony on the subject
was not as clear and direct as the trial court's answer suggested. Id.
It was the State's burden (and not the trial court's) to make that connection
if there was one. See Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App.
1980) (op. on reh'g). It was the jury's province (and not the trial court's) to
choose to make the connection or inference. See Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 1981), art. 38.04 (Vernon 1979); Penagraph v.
State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). Moreover, the jury's
question concerning the issue is further evidence of the equivocal nature of
the testimony. Surely, this is the type of situation that articles 36.27 and
36.28 are designed to prevent. "Judges should studiously avoid any remark
calculated to convey to the jury their opinion of the case." Brown v. State,
475 S.W.2d 938, 947 (Tex. Crim. App. 1971), overruled on other grounds,
Bradford v. State, 608 S.W.2d 918 (Tex. Crim. App. 1980); see Tex. Code
Crim. Proc. Ann. art. 38.05 (Vernon 1979). 
 
Id. at 609.
          In this case, unlike Williamson, the trial court properly instructed the jury on the law. 
See Tex. Code Crim. Proc. Ann. arts. 36.31, 42.08. No harm has been shown by Hudson
from his trial counsel's failure to object to the mandates of Article 36.27. The result of the
trial would not have been different had Hudson's attorney properly objected. The trial court
properly instructed the jury, and the defendant's presence or the reading of the instruction
in open court would not have changed the trial court's instructions to the jury or reasonably
affected the outcome of the trial.
 

Conclusion
          We affirm the judgment.

                                                                Donald R. Ross
                                                                Justice 
  
 
Date Submitted:      January 22, 2004
Date Decided:         February 5, 2004

Publish